UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNG LINH HOANG,<br><br>                Petitioner,<br><br>   v.<br><br>UNKNOWN,<br><br>                Respondent. | Case No. SACV 17-00495-RGK (KES)<br><br>ORDER DISMISSING PETITION AS SUCCESSIVE |

     On March 15, 2017, Hung Linh Hoang ("Petitioner") filed in the Eastern District of California a letter the Court construes as a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. (Dkt. 1.) The Petition was transferred to this Court on March 20, 2017. (Dkt. 3.) The Petition is the second habeas corpus petition that Petitioner has filed in this Court stemming from his 2004 state court conviction and sentence for attempted murder and active participation in a criminal street gang in Orange County Superior Court case no. 03WF1095. See Hoang v. Gonzalez, CV 10-01588-RGK-RT (2010).

     Under Rule 4 of the Rules Governing Section 2254 Cases in the United States district Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached

1

exhibits that the petitioner is not entitled to relief in the district court[.]" For the reasons set forth below, the Petition must be dismissed without prejudice as a second or successive petition pursuant to 28 U.S.C. § 2244(b).

# I.
# BACKGROUND

## A. State Court Proceedings[1]

In late 2004, a jury convicted Petitioner of street terrorism and of willful, deliberate and premeditated attempted murder committed for the benefit of, at the direction of, and in association with a criminal street gang. People v. Hoang, case no. G034779, 2006 WL 1124673, at *1 (Cal. App. 4th. 2006).

Petitioner appealed, arguing prosecutorial misconduct and that his attempted murder offense was a lesser included offense of street terrorism. Id. The California Court of Appeal affirmed Petitioner's conviction on April 28, 2006. Id. The California Supreme Court denied further direct review on July 16, 2006. People v. Hoang, case no. S143982.

On September 8, 2015, Petitioner, represented by counsel, filed a state habeas corpus petition in the California Court of Appeal. He argued that his 2004 conviction for active participation in a criminal street gang should be overturned in light of People v. Rodriquez, 55 Cal. 4th 1125 (2012), a California Supreme Court case holding that the gang participation statute applies only when the defendant acts in concert with other gang members to commit a felony, and not when he acts alone. People v. Hoang, case no. G052501, 2016 WL 747065, at *1 (Cal. App. 4th 2016) ("2016 State Habeas Case"). The California Court of Appeal agreed, finding that "in the absence of evidence any of [Petitioner's] fellow gang members

---

[1] The Court takes judicial notice of the California Appellate Court's website. Porter v. Ollison, 620 F.3d 952, 954-55 (9th Cir. 2010) (noting that it is proper to take judicial notice of "any state court dockets or pleadings that have been located (including on the internet)").

participated in the attempted murder, he did not violate the statute under which he was convicted." Id. The Court of Appeal vacated the criminal gang participation conviction and directed the trial court to amend the abstract of judgment accordingly. Id. at *5.

### B. Prior Federal Habeas Petitions[2]

On October 19, 2010, Petitioner filed his first section 2254 petition in this Court. Hoang v. Gonzalez, CV 10-01588-RGK-RT. In that petition, Petitioner challenged his 2004 attempted murder and street terrorism conviction and sentence, arguing ineffective assistance of counsel, violation of the double jeopardy clause, and prosecutorial misconduct. (Id. at Dkt. 1.) On January 28, 2011, judgment was entered denying the Petition as untimely and dismissing the petition with prejudice. (Id. at Dkt. 13.)

### C. The Instant Petition

The instant Petition consists of a one-page letter to the Court, along with an attached copy of the California Court of Appeal's 2016 opinion granting Petitioner's state habeas petition. (Dkt. 1.) In his letter, Petitioner claims that the Court of Appeal did not "hear the other two grounds for issuance of a new trial."[3] He claims that he intended to also challenge his attempted murder conviction in that state petition, but that "[his] attorney had refused to file the grounds." (Id. at 1.) He also claims that the grounds "are certainly admissible for equitable tolling due to the new discovery of such evidence." (Id.) Petitioner does not include in his Petition the two "other grounds" he wished to raise in state court. He requests that

---

[2] The Court takes judicial notice of its own records. Fed. R. Evid. 201(b)(2); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[3] In the Court of Appeal's 2016 opinion, the court states that Petitioner "does not challenge his attempted murder conviction underlying his gang participation offense." 2016 State Habeas Case, at *1.

this Court "please let him know the steps to take or appoint an attorney to help."[4] (Id.)

## II.

## DISCUSSION

The Petition now pending is governed by 28 U.S.C. § 2244(b), which provides in pertinent part as follows:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court

---

[4] Because the Court has determined this case must be dismissed without further adjudication, the Court declines to appoint counsel for Petitioner.

to consider the application.

28 U.S.C. § 2244(b) (emphasis added).

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of 28 U.S.C. § 2244(b). To the extent Petitioner is arguing that he is entitled to an exception under section (b)(2)(B)(i) because he recently discovered new evidence, he must first secure an order from the Ninth Circuit authorizing the District Court to consider his new claims prior to the filing of the instant Petition. 28 U.S.C. § 2244(b)(3)(A). Petitioner's failure to secure an order from the Ninth Circuit deprives this Court of subject matter jurisdiction. Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001), cert. denied, 538 U.S. 984 (2003).[5]

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 24, 2017

_____
R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
KAREN E. SCOTT

---

[5] It is also likely that the Petition is untimely. Petitioner's conviction became final on October 17, 2006, approximately ten years ago. See Hoang v. Gonzales, CV 10-01588-RGK-RT, Dkt. 9 at 3 [Amended Report and Recommendation]. Because the Court is dismissing the Petition without prejudice as successive, it will not engage in a timeliness analysis.

1 | United States Magistrate Judge
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28